**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALAN V. SATTERWHITE,<br>Plaintiff,<br><br>v.<br><br>SONY MUSIC PUBLISHING, LLC<br>Defendant, | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff Alan V. Satterwhite ("Plaintiff"), by his undersigned attorneys, for his complaint against the defendant Sony Music Publishing, LLC ("Defendant"), alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual doing business as a professional photographer with an address at 30 East 14th Street, 2D, New York, New York, 10003.

4. Upon information and belief, Defendant is a foreign limited liability company organized and registered in the State of Delaware with a business address at 25 Madison Avenue, 24th Floor, New York City, New York 10010.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement that causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

8. Plaintiff is a professional photographer who makes a living licensing his photographic works for various purposes, including editorial purposes. He started at a major daily newspaper in Florida while in high school, covering news stories in the Southeast before moving into a career as a freelance magazine photographer, where he published photographic works in *Playboy*, *Sports Illustrated*, *Time*, *Newsweek*, *People*, *Money*, and *Fortune*, among others. He later formed his own production company, providing his photographic works for advertising campaigns for American Express, Coca Cola, Dole, DuPont, Eastman Kodak, Nikon, Porsche, Saab, Universal Studios and others. He has lectured about digital imaging at Boston University, Brooks Institute of Photography, Hallmark Institute of Photography, ASMP, NYU/Tisch School of the Arts, PhotoExpos in Los Angeles and New York. His prints are in the permanent collections at the Smithsonian National Portrait Gallery, Houston Fine Art

Museum, Santa Barbara Museum of Art, Los Angeles County Museum of Art, George Eastman House, Polaroid Collection, National Museum of African American History among others.

9. Plaintiff is the author of the following work, a portrait of the legendary performer Stevie Wonder, depicted here (the "Copyrighted Work"):



10. The Copyrighted Work is an original work of authorship.

11. As author, Plaintiff owns the copyright in and to the Copyrighted Work.

12. Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, Registration Number VAu 1-455-130.

**B. Defendant's Unlawful Activities**

13. Defendant is a music publishing company, not a record label. Its business is to acquire, administer, license, protect, and monetize the rights to musical compositions (songs and songwriting copyrights) on behalf of songwriters, composers,

and catalog owners. It collects royalties when songs are streamed, played on radio, performed live, used in films, TV shows, commercials, video games, and other media. Defendant describes itself as the world's largest music publisher and provides services including administration, synchronization licensing, digital publishing, media rights management, and songwriter support.

14. Plaintiff has discovered the Copyrighted Work being reproduced, distributed, and publicly displayed by the Defendant at Defendant's Instagram page, a screenshot of which is depicted here:




15. Upon information and belief, Defendant needed an iconic photograph of a musician to promote and advertise its goods and services. Defendant then located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work and then uploaded the Copyrighted Work to it computer systems and then uploaded it to its Instagram page, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly displayed without Plaintiff's permission.

16. Upon information and belief, Defendant is responsible for the unlawful

reproduction, distribution, and public display of the Copyrighted Work.

17. The reproduction, distribution, and public display by Defendant of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

18. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work was not accidental nor inadvertent but purposeful and knowing and willful.

19. Defendant's infringement as alleged herein was willful in that Defendant is a sophisticated media company that understands copyright law and the need to obtain a license to publish the copyrighted works of others.

20. Defendant's infringement was willful in that Defendant is willfully blind to Plaintiff's exclusive copyrights.

21. Defendant's infringement was willful in that acted in reckless disregard of the exclusive rights of Plaintiff.

22. The infringing use by Defendant of the Copyrighted Work has harmed, and continues to harm, the potential market for or value of the Copyrighted Work by robbing Plaintiff of his exclusive right to license the Copyrighted Work for illustrative and other purposes.

## CLAIM FOR RELIEF
## (Direct Copyright Infringement)

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. Plaintiff has sufficient rights, title and interest in and to the copyright in the

Copyrighted Work to bring suit.

26. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to Defendant's use of the Copyrighted Work at the infringing website.

27. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33. Defendant's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff his costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Copyrighted Works or to participate or assist in any such activity; and

8. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 8, 2026

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Alan V. Satterwhite*